UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MILO M. MCCUNE,

Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

Defendant.

No. 2:15-CV-0033-JTR

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 16, 17. Attorney Joseph M. Linehan represents Milo M. McCune (Plaintiff); Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 15. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

In April 2012, Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB), alleging disability since April 1,

2000, due to mental illness, diabetes, neuropathy, stroke in 2009, HBP, anxiety, depression, schizophrenia, and GERD. Tr. 196, 205, 223. At the administrative hearing, Plaintiff amended his alleged onset date to March 22, 2012, effectively withdrawing his DIB claim. Tr. 11, 37. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Caroline Siderius held a hearing on October 28, 2013, Tr. 31-68, and issued an unfavorable decision on November 15, 2013, Tr. 11-25. The Appeals Council denied Plaintiff's request for review on December 15, 2014. Tr. 1-7. The ALJ's November 2013 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on February 4, 2015. ECF No. 1, 3.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on November 1, 1968, and was 43 years old on the amended alleged onset date, March 22, 2012. Tr. 196. He completed the ninth grade in school and earned his GED in 1989. Tr. 59, 224. Plaintiff testified at the administrative hearing he last worked as a seafood processer in 2000, but believed he could no longer work because he has a hard time associating with people and was taking medication that would not permit him to operate vehicles. Tr. 50, 52. He also stated he has peripheral neuropathy which limits his ability to stand and walk. Tr. 53.

Plaintiff was convicted of first degree rape of a child and served 11 years of a 12-year, six-month prison sentence. Tr. 51. He has since violated the terms of his probation on two occasions, one for drinking and one for using methamphetamine. Tr. 51. At the time of the administrative hearing, Plaintiff was living in the Carlyle Care Center, an assisted living facility for individuals with

health problems. Tr. 52. He stated he spends his day at the Carlyle House watching television and hanging out with his roommate and two other friends at the facility. Tr. 53-55.

Plaintiff testified he has PTSD stemming from an incident where a person raped and tried to kill him when he was about five years old. Tr. 56. As a result, he experiences nightmares periodically and flashbacks two to three times a week. Tr. 57. Plaintiff testified that when he has a flashback, he will isolate himself in his room, sometimes for a couple of hours. Tr. 57. Plaintiff stated he also struggles with depression and anxiety and endures psychotic episodes and mood swings. Tr. 57-58, 61.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial

evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see, Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On November 15, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 22, 2012, the alleged onset date. Tr. 13. At step two, the ALJ determined Plaintiff had the following severe impairments: diabetes, peripheral neuropathy, personality disorder, and depressive disorder. Tr. 13. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 15.

///

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined he could perform a range of light exertion level work. Tr. 17. The ALJ found Plaintiff could lift up to 20 pounds occasionally and lift 10 pounds frequently; could sit up to six hours a day; could stand and/or walk thirty minutes at a time for up to two hours a day; would need to change positions once an hour; could not use ladders, ropes or scaffolds; could occasionally climb ramps and stairs; could not work at unprotected heights; could occasionally kneel, crouch, crawl and stoop; could occasionally operate foot pedals; must avoid concentrated exposure to extreme temperatures; could perform simple, repetitive tasks with no detailed work; could tolerate only occasional changes in work duties and superficial contact with coworkers and the general public; and would be able to tolerate no more than ordinary production requirements. Tr. 17.

At step four, the ALJ found Plaintiff was not able to perform his past relevant work as a fish processer, outside deliverer and courier, and machine operator II. Tr. 23-24. However, at step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including assembly occupations, product inspector and checker jobs, and hand package and packagers positions. Tr. 24-25. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from March 22, 2012, the alleged onset date, through the date of the ALJ's decision, November 15, 2013. Tr. 25.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

///

Plaintiff contends the ALJ erred by improperly rejecting the opinions of Navid Vassey, M.D., and Lou Sowers, Ph.D., in assessing Plaintiff's psychological condition. ECF No. 16 at 10-14.

## DISCUSSION

### A. Plaintiff's Credibility

While Plaintiff has not challenged the ALJ's finding that Plaintiff is not fully credible, Tr. 18, 21, the Court finds the ALJ's credibility determination significant in this case.

The ALJ indicated the following reasons for why she found Plaintiff was not entirely credible: Plaintiff's testimony was not fully corroborated by the treatment record; Plaintiff's activities reflected the need for no greater restrictions than those set forth in the RFC determination; and Plaintiff had not been entirely compliant with taking prescribed medications or adhering to prescribed treatment. Tr. 18-21. The ALJ stated Plaintiff's noncompliance with prescribed medications and failure to follow through with treatment recommendations suggested Plaintiff's condition was not as severe as alleged. Tr. 18. The ALJ also indicated Plaintiff's inconsistent reports of his symptoms further diminished the reliability of his subjective complaints. Tr. 20. The ALJ concluded that while Plaintiff was "certainly limited in functioning to some degree, it [wa]s not to the degree alleged." Tr. 21.

The rationale provided by the ALJ is fully supported by the record, and the ALJ's determination that Plaintiff's statements were not fully credible is uncontested by Plaintiff. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (issues not specifically and distinctly contested in a party's opening brief are considered waived). Since Plaintiff was properly found by the ALJ to be not entirely credible, the ALJ appropriately accorded little weight to medical reports based primarily on Plaintiff's subjective complaints. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (a physician's opinion

premised primarily on a claimant's subjective complaints may be discounted where the record supports the ALJ's discounting of the claimant's credibility); *Morgan v. Comm'r. of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (the opinion of a physician premised to a large extent on a claimant's own account of symptoms and limitations may be disregarded where they have been properly discounted).

**B. Medical Source Opinions**

Plaintiff's sole contention is that the ALJ erred by failing to accord proper weight to the opinions of certain medical sources regarding his psychological limitations. Plaintiff specifically argues the ALJ erred by according "little weight" to the opinions of Drs. Vassey and Sowers. ECF No. 16 at 10-14.

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-1464 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

The ALJ found that although Plaintiff has severe mental impairments, the objective medical evidence did not support the degree of limitation alleged by Plaintiff. Tr. 19. The ALJ determined Plaintiff retained the RFC to perform

simple, repetitive tasks with no detailed work; could tolerate only occasional changes in work duties and superficial contact with coworkers and the general public; and would be able to tolerate no more than ordinary production requirements. Tr. 17. The Court finds the ALJ's interpretation of the medical record is supported by substantial evidence. *See infra*.

**1. Plaintiff's Mental Health Records Prior to Alleged Onset Date**

As discussed by the ALJ, Plaintiff's medical records show a history of mental health treatment while he was incarcerated and prior to the alleged onset date. Tr. 19. He was prescribed medication, seen by a psychiatrist, and reported improvement of his symptoms with medication. *Id*. While incarcerated, Plaintiff actively participated in treatment, attended church, participated in bible study, participated in group therapy and worked. *Id*. Many of his reports of symptoms and difficulty getting along with others was related to the nature of his crime. *Id*. As indicated by the ALJ, these mental health treatment records did not document the significant symptoms reported by Plaintiff. Tr. 20.

**2. Navid Vassey, M.D.**

Plaintiff contends the ALJ erred by failing to accord proper weight to the opinions of his treating psychiatrist, Navid Vassey, M.D. ECF No. 16 at 10. Plaintiff argues the opinions expressed by Dr. Vassey demonstrate Plaintiff is more psychologically limited than what was determined by the ALJ in this case. *Id*.

Dr. Vassey completed a psychiatric assessment on March 14, 2012. Tr. 533-536. Dr. Vassey diagnosed Plaintiff with major depressive disorder, recurrent in remission; PTSD; and history of polysubstance abuse. Tr. 535. He assessed a Global Assessment of Functioning (GAF) score of 45.[1] While this record is

---

[1]Although Dr. Vassey assigned a GAF score of 45, an ALJ has no obligation to credit or even consider GAF scores in a disability determination. *See* 65 Fed. Reg. 50746, 50764-50765 (Aug. 21, 2000) ("The GAF scale . . . does not have a

outside of the relevant time period in this matter, the ALJ addressed the report as indicative of inconsistent reporting by Plaintiff. Tr. 19-20. The ALJ stated Plaintiff had previously indicated his mood was "pretty good" but he had anxiety due to his transition to a new environment, Plaintiff had denied depressive symptoms, he indicated his symptoms were managed by medications, he denied irritability or anger, and he reported a history of hallucinations, but not for several months. Tr. 19, Tr. 543. However, just a few days later, during the March 14, 2012, psychiatric assessment with Dr. Vassey, Plaintiff indicated he was having daily hallucinations for the past few days and, prior to that, once or twice a week. Tr. 19-20, Tr. 533-536.

On October 10, 2013, Dr. Vassey completed another mental status exam. Tr. 636-639. Plaintiff denied a recent depressed mood, anxiety symptoms were unchanged, and PTSD symptoms were mildly improved. Tr. 20, 637. Plaintiff's mood was noted as "good," and Dr. Vassey marked that Plaintiff was improved, but symptomatic. Tr. 637-638. As noted by the ALJ, Dr. Vassey's mental status exams largely remained the same with the only significant findings based on Plaintiff's self-report of symptoms. Tr. 20. As indicated by the ALJ, while Plaintiff continued to report some hallucinations and paranoia, he would also typically be reported to be in a good mood or doing well, without significant findings upon mental status exam, and there were never findings of him responding to internal stimuli. Tr. 20.

---

direct correlation to the severity requirements in our mental disorders listings."). In fact, the GAF scale is no longer included in the DSM–V: "It was recommended that the GAF be dropped from the DSM-5 for several reasons, including its conceptual lack of clarity (i.e., including symptoms, suicide risk, and disabilities in its descriptors) and questionable psychometrics in routine practice." Diagnostic and Statistical Manual of Mental Disorders–V, 16 (5th ed. 2013).

On October 31, 2013, Dr. Vassey completed a mental medical source statement form. Tr. 783-786. Dr. Vassey checked boxes indicating Plaintiff generally had mild and moderate functional limitations. Tr. 783-784. However, Dr. Vassey also checked a box finding Plaintiff had a "severe" limitation in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 784. Dr. Vassey explained that the assessed limitations were based on Plaintiff's symptoms of irritability, low energy, hallucinations, depressed mood, paranoia, nightmares, flashbacks, and elevated level of worry. Tr. 785. The assessed limitations in this check-box report are thus based on Plaintiff's self-report of symptoms.[2] Tr. 21. The ALJ indicated Dr. Vassey regularly noted Plaintiff's reported symptoms but has never reported observing Plaintiff respond to internal stimuli or exhibit psychotic behavior. Tr. 21. Instead, Dr. Vassey described Plaintiff as maintaining good eye contact, cooperative, alert, having normal speech and normal thought processes, oriented, attentive, and having normal memory. Tr. 21. Therefore, as concluded by the

---

[2]As discussed above, the ALJ's adverse credibility determination is supported by clear and convincing reasons, and a physician's opinion may be disregarded when it is premised on the properly rejected subjective complaints of a claimant. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *see also Morgan v. Comm'r. of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (the opinion of a physician premised to a large extent on a claimant's own account of symptoms and limitations may be disregarded where they have been properly discounted). Since Plaintiff was properly found by the ALJ to be not entirely credible, *see supra*, the ALJ appropriately discounted Dr. Vassey's report on the basis that it appeared to have been based primarily on Plaintiff's subjective complaints.

ALJ, Dr. Vassey's assessed severe limitation was not consistent with his own treatment notes, nor with the weight of the record evidence. Tr. 21.

The ALJ accorded Dr. Vassey's assessed severe limitation "little weight" because it was inconsistent with his own treatment notes and the weight of the record evidence and appeared to have been based on Plaintiff's non-credible subjective complaints. Tr. 21. These are clear and convincing reasons that are supported by substantial evidence. *Lester*, 81 F.3d at 830. The ALJ did not err with respect to her findings regarding the October 31, 2013, mental medical source statement form completed by Dr. Vassey.

**3. State Agency Reviewing Physicians**

State agency reviewing physician Eugene Kester, M.D., completed a mental RFC assessment of Plaintiff on May 17, 2012. Tr. 75-79, 83-90. Dr. Kester opined Plaintiff had mild restrictions of activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence or pace. Tr. 84. He indicated Plaintiff was capable of working in an environment with superficial contact with the public, coworkers and supervisors. Tr. 88.

State agency psychological consultant Thomas Clifford, Ph.D., completed a mental RFC assessment of Plaintiff on July 19, 2012. Tr. 97-107, 112-122. Dr. Clifford's opinion is consistent with the earlier opinion of Dr. Kester. He found that Plaintiff had mild restrictions of activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace, and could work in an environment with superficial contact with the public, coworkers and supervisors. Tr. 98, 103. Dr. Clifford opined that Plaintiff's mental health symptoms may affect his concentration, persistence or pace, but he would be capable of performing simple tasks and many detailed and complex tasks. Tr. 103. Dr. Clifford concluded that although Plaintiff would have occasional lapses from his psychiatric disorder, he

was not precluded from productive activity in a competitive employment situation. Tr. 103, 118.

The ALJ accorded "significant" weight to these opinions because they were based on a review of all of Plaintiff's medical records available and were supported and consistent with references to the objective medical evidence of record. Tr. 22. The state agency reviewing physicians' reports lend further support to the ALJ's RFC assessment in this case.

**4. Margaret Ruth Moore, Ph.D.**

Margaret Ruth Moore, Ph.D., testified as an impartial medical expert at the October 28, 2013, administrative hearing. Tr. 37-50.

Dr. Moore indicated the record reflected the presence of psychotic symptoms, sometimes diagnosed as a disorder, sometimes diagnosed as features, and sometimes questioned as possibly drug-related and/or related to a depressive disorder. Tr. 40. She stated that some form of chronic depression is indicated, although oftentimes situational, as well as varieties of a personality disorder. Tr. 41. Dr. Moore testified that Plaintiff has a long history of substance abuse, including opiates, alcohol and methamphetamine, as well as recent documented drug use. Tr. 42. She identified a personality disorder and depression as Plaintiff's severe impairments. Tr. 43. However, Dr. Moore stated the symptoms are not well described and the medical records indicate Plaintiff benefited from taking medications for his symptoms. Tr. 40. She testified that the content of the medical notes reflect that Plaintiff was getting better over time: he was seeing his case manager and reporting being in a good mood, had no psychotic symptoms, and was learning how to negotiate difficulties with his brother. Tr. 49.

The ALJ gave "significant weight" to Dr. Moore's expert opinion because she had the opportunity to review all relevant evidence and her opinion was consistent with Plaintiff's treatment records which largely reported no significant findings upon mental status exam. Tr. 22.

The Court concludes that Dr. Moore's opinions are supported by the weight of the credible evidence of record, including the opinions of the state agency reviewing physicians. The ALJ properly accorded Dr. Moore's findings significant weight and incorporated her opinions in the final determination.

**5. Lou Sowers, Ph.D.**

On January 10, 2012, Lou Sowers, Ph.D., completed a behavior health discharge summary for the Department of Corrections. Tr. 399-401. Dr. Sowers reported that Plaintiff's symptoms impaired his ability to think, concentrate, follow simple or complex directions, and work well with others. Tr. 399-401.

It is important to note at the outset that this January 10, 2012, discharge report predates the relevant time period in this case; the alleged onset date is March 22, 2012. *Fair*, 885 F.2d at 600 (medical opinions which predate the alleged onset of disability are of limited relevance). The ALJ nevertheless addresses the report in her decision. Tr. 22.

The ALJ accorded Dr. Sowers' report little weight because he "did not fully explain the degree to which these abilities are impaired, and d[id] not give objective evidence to support the finding." Tr. 22. This determination by the ALJ is fully supported. Dr. Sowers' report does not provide an explanation or a basis for the check-box findings therein. Tr. 399-401; *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (stating that the ALJ's rejection of a check-off report that did not contain an explanation of the bases for the conclusions made was permissible). There is no objective medical evidence provided to support the doctor's opinion. Moreover, as indicated by the ALJ, the severity noted in the report was inconsistent with contemporary evidence which stated that Plaintiff's mental illness was under "good control." Tr. 22, 402. The ALJ provided clear and convincing reasons for according little weight to the January 10, 2012, discharge report of Dr. Sowers.

///

It is the responsibility of the ALJ to determine credibility, resolve conflicts in medical testimony and resolve ambiguities, *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996), and this Court may not substitute its own judgment for that of the ALJ, 42 U.S.C. § 405(g). Where, as here, the ALJ has made specific findings justifying a decision, and those findings are supported by substantial evidence in the record, this Court's role is not to second-guess that decision. *Fair*, 885 F.2d at 604. Based on the foregoing, the Court finds the ALJ did not err in his assessment of the medical evidence of record. The ALJ's RFC determination is supported by substantial evidence in the record. The ALJ did not err by according little weight to the severe limitation marked on Dr. Vassey's October 31, 2013, mental medical source statement form and Dr. Sowers' January 10, 2012, discharge report.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 21, 2016.




JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE